[No. 8,313. Department One.—October 31, 1884.]

## SAMUEL AMBROSE, RESPONDENT, v. GOWER EVANS, APPELLANT.

BAILMENT—PLEDGE OF STOCK BY DEPOSITARY.—The endorsement and delivery of certificates of stock to a person for safe keeping only, gives to the transferee the indicia of ownership, and a transfer of the stock by him to a third party as security for the payment of money loaned is valid, and vests in the pledgee a right to the stock as security for the loan.

ID.—SALE BY PLEDGEE AFTER ACTION BROUGHT FOR RECOVERY OF STOCK.—While an action was pending for the recovery of shares of stock held as a pledge for the payment of a loan, the pledgee sold the shares in open market for a sum larger than the amount of the loan. Held, that the plaintiff could not recover the excess in such an action, as it constituted no part of his cause of action.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Roche & Desbeck*, for Appellant.

*E. D. Sawyer*, for Respondent.

McKEE, J.—This was an action to recover twenty shares of railroad stock, or its value.

The case shows that a corporation, known as the Guatemala Central Railroad Company, issued to W. G. Miller fifty shares of its stock ; and Miller, being the owner of the same, indorsed and delivered it to Henry Toomey, for safe-keeping. Toomey afterwards, viz., on the 4th of September, 1879, " cut up " the original stock, and delivered twenty shares of the same to Gomer Evans, the defendant in the action, as security for a loan of

$350. While Evans was the holder of these twenty shares, Miller, the original owner of the stock, by an instrument in writing assigned the same " together with all causes of action, therefor," to Samuel Ambrose, the plaintiff in the action, who immediately notified Evans of the assignment, and demanded of him a return of the stock ; but Evans refused to deliver the stock ; and on the 25th of October, 1880, Ambrose commenced the action in hand to recover the stock or its value, charging that Toomey had unlawfully transferred it, and that the defendant wrongfully retained the same.

But the indorsement and delivery of the stock by Miller to Toomey clothed the latter with the indicia of the legal ownership of the stock, so as to enable him to deal with it as his own; and when he, as owner, pledged the twenty shares as security for the payment of a debt which he owed to Evans, the transaction was legal, and the transfer of the stock for that purpose vested the pledgee with a right to it as security for the money advanced. Evans, therefore, as holder of the stock in pledge, was rightfully in possession of the stock when Ambrose demanded it of him, and when this action was commenced; and he was entitled to hold it until the demand for which he had it in pledge was satisfied.

It is said, however, and the court finds, that the pledgee sold the stock in open market, and realized from the sale the sum of $550 over and above the amount necessary to satisfy his demand ; and that he wrongfully claims this surplus, and refuses to pay it to the plaintiff, who is entitled thereto.

But this sale, as found by the court, was made on the 6th of November, 1880, after the commencement of the action in hand ; and, while it is true that the surplus which remained in the hands of the pledgee after the satisfaction of his demand did not belong to him, the plaintiff was not entitled to recover it, because it did not constitute any part of his cause of action.

The judgment is, therefore, erroneous. Judgment and order reversed, and cause remanded for further proceedings.

MCKINSTRY, J., and ROSS, J., concurred.