SANGER BROS. v. CITY OF WACO, GARNISHEE, ET AL.

Decided February 24, 1897.

**Garnishment—Fees of Public Officer.**

The earned fees of a public officer, e. g., one appointed by city authorities to register voters for a city election, are not subject to garnishment.

APPEAL from the District Court of McLennan County. Tried below before Hon. L. W. GOODRICH.

Sanger Bros., having a judgment against J. C. Jurney, Sr., garnished thereon the City of Waco, which was indebted to him for his services as registering officer for a city election under an appointment by the

proper authorities, his fees being eight cents for each voter registered, and being earned at the time the writ was served. Garnishee and Jurney, who intervened, asserted the exemption of the indebtedness from garnishment, and had judgment in their favor, from which plaintiff appealed.

*Boynton & Boynton*, for appellants.—There is no rule of public policy which protects from assignment or garnishment the earned fees of a public officer. Thompson v. Cullers, 35 S. W. Rep., 412; Greenhood, Public Policy, rule 297 (B); Waterbury v. Comrs., 10 Mont., 515.

*Prendergast & Evans*, for appellees.—The compensation paid a public officer, whether as fees or salary, is protected from garnishment, whether earned or unearned, and the garnishment thereof is against public policy. Spalding v. State, 4 How. (U. S.), 21; City of Laredo v. Nalle, 65 Texas, 359; Williams v. Ford, 27 S. W. Rep., 723; White & Willson's App. C., sec. 623; Walker v. Cook, 129 Mass., 578; Roeller v. Ames, 7 Am. & Eng. Corp. Cases, 168; Bank of Tenn. v. Dibrell, 3 Sneed, 382; School Dist. v. Gage, 39 Mich., 485; Hawthorn v. City of St. Louis, 11 Mo., 59; Mayor of Baltimore v. Root, 8 Md., 95; 6 Vt., 621; 12 Conn., 404.

KEY, Associate Justice.— *Opinion*—This case is before us on agreed facts, about which there is no controversy, and we adopt said agreement as it appears on pages four, five and six of the transcript as this court's conclusions of fact.

But one question of law is presented for decision, and that is whether or not the earned compensation of a public officer is subject to garnishment.

In Bank v. Fink, 86 Texas, 303, the Supreme Court held that it is contrary to public policy for a public officer to assign or give a lien upon his unearned compensation, whether such compensation be salary or fees; and in the course of the opinion it is said: "Dignity of office, in the sense that the term is used in the English cases, does not exist in this country; and yet there is a dignity, or at least should be, attending every office, in that sense that a proper and independent discharge of its duties inspires respect for the officer and for the office. In this more important sense of dignity, the same reason can be well applied in this country. The law provides compensation for official service in order to enable the officer to be free from the cares of making provision for his own support and that of his family during the term of office, that he may devote his whole time to the discharge of the duties of his office. If such officer is permitted to assign his salary or fees before earned, he may thus deprive himself and family of this support, and to secure it he must look to some other source, thereby depriving the State of the careful and thoughtful attention that the public interest demands. A hungry man is weak in the presence of temptation, no matter what may

be his ability to withstand it in a state of independence. To deprive such an officer of the means of daily support for himself and family, while his time must be given to work in which he can expect no relief, would be a strong inducement to resort to methods which, if not dishonest, would at least be inconsistent with the public good, and the dignity of his office be destroyed by losing the respect and confidence of the public."

We think this reasoning applies with equal force to the case under consideration. Whether an officer's compensation be fees or salary, it is not collectible until the service is rendered; and if, when it falls due, it is subject to garnishment at the instance of creditors, the officer might not "be free from the cares of making provision for his own support and that of his family during the term of office," because as often as his compensation fell due it might by garnishment proceedings be applied to the demands of creditors.

We do not hold that an officer can not assign his earned fees or salary, because the right to do so would not produce the same results that would follow the enforced application of such compensation to the payment of his debts. If the money were in the treasury to pay the officer for the services rendered there would be no inducement to sell his claim for less than its face value; and if the money were not on hand to pay for the services rendered it might be necessary for the officer to discount his claim in order to get the means to support himself and family.

The ruling of the court below was in accordance with our views on the question discussed, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.