## HARE v. FIRST NAT. BANK OF GROVETON. (No. 1233.)

(Court of Civil Appeals of Texas. Beaumont. April 18, 1925.)

1. Pensions ⬅9—Mortgages or other contracts limiting pensioners' rights to receive and use proceeds of warrants void.

Mortgages or other contracts for purpose of impounding unmatured pensions and limiting pensioners' rights to receive and use proceeds of warrants forwarded to them by proper officers are void as against public policy, expressed in Rev. St. art. 6267 et seq., granting Confederate pensions to indigent veterans only.

2. Pensions ⬅9—Pensioner held not entitled to damages for wrongful detention of warrant by mortgagee.

Confederate veteran *held* not entitled to actual or exemplary damages for wrongful detention of pension warrant by mortgagee.

Appeal from Trinity County Court; Fred J. Berry, Judge.

Action by W. E. Hare against the First National Bank of Groveton. Judgment for defendant, and plaintiff appeals. Affirmed in part, and reversed in part, with directions.

W. A. Cook, of Groveton, for appellant.

Hayne Nelms and C. H. Crow, both of Groveton, for appellee.

WALKER, J. This was a suit in county court by appellant against appellee for the possession of a pension warrant in the sum of $30, mailed to him at his home address in care of appellee, and issued to him as a Confederate soldier under the pension laws of this state; also he prayed for actual and exemplary damages based on the action of appellee in wrongfully withholding from him possession of his warrant.

Appellee answered by a special plea to the effect that appellant had given it a verbal mortgage on this warrant to secure it in two notes, one for the sum of $11 and the other for $7.75, each of which stipulated for attorneys' fees in the sum of $10. Its prayer was for judgment for the amount of its notes, with interest and attorneys' fees in the sum stated, and for a foreclosure of its mortgage. The issues were submitted to a jury and found in appellee's favor, and judgment entered accordingly.

[1] This judgment cannot be sustained. Under article 6267 et seq., Revised Civil Statutes, Confederate pensions are granted only to veterans who are now indigent, and then only on the strictest showing of indigency. It was the purpose of the people in granting to these old men this periodical allowance to provide for them a continuing means of support, and to relieve, to some extent, the necessities of their poverty. The relief was not granted in a present sum paid at the time the pension was allowed, but in periodical payments in order that it might be used by them as an insurance against destitution. It is easy to see how great abuses would follow, if they were permitted to mortgage or assign their claim or interest in future unmatured payments. The very purpose of the Pension Act might, and doubtless in many cases would, be defeated. This case affords an instance. Here, by borrowing only $17.75 on the faith of his pension warrant, this old veteran has been adjudged to pay not only the original loan, but an additional sum of $20 as attorneys' fees. If such a contract could be sustained as against the pension for one quarter, it could be made to cover all future payments. There would be a constant temptation to anticipate all future payments under the stress of need of the present moment, thereby defeating the very purposes of the Pension Act. Because of the conditions under which the laws of this state extend aid to its old and poor veterans, it is our opinion that all contracts of whatever nature and character, having for their purpose the impounding of unmatured pensions and limiting the rights of pensioners to receive their warrants as and when forwarded to them by the proper officers, and to appropriate and use the proceeds thereof, untrammeled by any contractual obligation, should be held void as against the public policy of this state.

We have found no Texas authority construing our Pension Act, but we think its

spirit is well illustrated by what Judge Brown said in Bank v. Fink, 86 Tex. 303, 24 S. W. 256, 40 Am. St. Rep. 833, where he held, quoting the syllabus, that:

"It is contrary to public policy in this state for a public officer to assign or give a lien upon his unearned compensation which is given by law, whether such compensation be salary or fees. Any such assignment or lien is void."

We are not unmindful of the general rule, as announced by 30 Cyc. 1375:

In the absence of express statutory provisions, the rule is that a pension granted for past service is assignable."

But because of the peculiar conditions limiting the right to receive pensions in this state to the indigent, we think the general rule should not be given application, but, as has been said of the Act of Congress forbidding the sale or assignment or transfer of any right, claim, or interest in pensions granted thereby, our act should be given such a construction "as will suppress the mischief—the mischief of preying upon the necessities of the poor and ignorant." Powell v. Jennings, 48 N. C. 547.

[2] The judgment of the court denying appellant a recovery for actual and exemplary damages for wrongful detention of his warrant is affirmed. The judgment against appellant in favor of appellee for the amount of the notes executed by him to it, together with interest, and $20 attorneys' fees is affirmed. But the judgment in favor of appellee against appellant foreclosing a lien against appellant's warrant is reversed, and it is our order that appellee forthwith surrender and deliver this warrant to appellant, and that he be, and is hereby, awarded all such writs necessary to carry this order into effect.