## SMITH v. OAK CLIFF BANK & TRUST CO. et al.

### No. 13458.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 13, 1936.

Rehearing Denied Dec. 18, 1936.

Tom C. Clark, Paul D. Lindsey, and C. J. Shaeffer, all of Dallas, for appellant.

Allen Melton and Ernest McCormack, both of Dallas, for appellees.

DUNKLIN, Chief Justice.

The decision of the trial court, challenged here by appellant, to the effect that the constable's fees of office were not subject to garnishment, is well supported on grounds of public policy so well expressed in National Bank of El Paso v. Fink, 86 Tex. 303, 24 S.W. 256, 40 Am.St.Rep. 833, and Sanger v. City of Waco, 15 Civ.App. 424, 40 S.W. 549 (writ of error refused). The further holding that the interests of others in the funds impounded, which the constable had no right to retain, and which would be lost to them by application of the whole to the satisfaction of the individual debt of D. A. Bradshaw to plaintiff, was likewise well supported upon just and equitable principles and by authorities pertinent thereto.

The mere fact that the deposit was not made in the county depository as required by article 1656a, Vernon's Ann.Civ.St. but in the garnishee bank, and there intermingled with his own funds, did not of itself, as insisted by appellant, constitute a conversion of that portion of the funds which belonged to others and thereby make the whole subject to the writ, especially since the constable still holds the same for their benefit, and not to his individual credit, the deposit being to the credit of "D. A. Bradshaw, Constable."

This announcement in 28 C.J. p. 117, is abundantly supported by authorities there cited: "Money of another deposited by defendant in his own name cannot be reached by garnishment as the property of defendant. This rule is based upon the doctrine that in garnishment the equitable title to the property sought to be reached will prevail over the bare legal title, and is especially applicable to deposits of trust funds, and deposits by agents, and public officers."

Also the following in section 163, page 119: "Property held in trust by defendant is not subject to garnishment for his debts, no matter how completely defendant may have exercised apparent ownership over it, unless it was upon the assumption of such ownership that the credit was given. A bare legal title in defendant is insufficient where the equitable or beneficial interest is in another."

Accordingly, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

We do not believe the conclusion reached by us on original hearing is in conflict with the opinion of the Court of Civil Appeals in Sutherland v. Young, 292 S.W. 581, 582. In that case plaintiff sought by garnishment proceedings to subject salary due an auditor which he had voluntarily deposited in bank to payment of a debt owing by that auditor to plaintiff, and it was held that could be done. But this was said in the opinion: "The sole issue to be determined is wheth-

er the funds thus deposited are exempt * * * as current wages. The trial court held that the funds were subject to garnishment and rendered judgment accordingly. Appellant contends that, so long as the wages can be traced, same continue to be exempt to him under the Constitution and statutes of Texas."

█ It thus appears that the rule of public policy and the reasons therefor which protects the fees of a public officer from claims of creditors was not discussed nor was any reference made to the decisions in Nat. Bank of El Paso v. Fink, 86 Tex. 303, 24 S.W. 256, 40 Am.St.Rep. 833, and Sanger v. City of Waco, 15 Tex.Civ.App. 424, 40 S.W. 549 (writ of error refused) which were the basis of our conclusions. And while the Fink Case had reference only to unearned fees of office, in the Sanger Case fees already earned were the ones in controversy, but it was held that the reasoning of the Fink Case was applicable. Although the constable's fees in controversy here had been collected and deposited in bank, we fail to perceive how that fact would make the rule of public policy announced in those two cases inapplicable, since the deposit bank for safety and convenience would nevertheless be for his use in the future for support of himself and family. The same rule of public policy with reasons supporting it are announced in 12 R.C.L. p. 802.

To hold that the exemption accorded to the constable by the rule of public policy ceased as soon as he deposited his fees in the bank and before he had occasion to use them for support of himself and family would defeat the very purpose of the rule. And, as pointed out by Judge Brown in the Fink Case, the rule is applicable, especially if the funds impounded are fees of office, as is true in this case, rather than a fixed salary.

█ Moreover, article 4099, Rev.Civ. St., exempting current wages from garnishment proceedings, was enacted for the benefit of the wage earner only and no public interest is involved in its enforcement. And the statute clearly imports that it is applicable only so long as the current wages are uncollected.

The record shows that the bank deposit impounded by the writ of garnishment covered witness fees which had been collected by the constable and those witnesses were not made parties to the suit in order to determine their interests therein. And, according to some authorities, the deposit was not subject to garnishment by reason of the undetermined respective rights of the witnesses and constable. Following are authorities supporting that contention: 28 C. J. § 25, p. 97; 12 R.C.L. § 28, p. 799, and decisions there cited; and to the same effect in principle, see 20 Tex.Jur. § 19, p. 720, denying the right of garnishment to impound the interest of a member in partnership property to satisfy his individual debt. However, we express no opinion as to whether or not those authorities are applicable here, because unnecessary, in view of our conclusions noted above.

Appellant's motion for rehearing is overruled.