SMITH v. BRADSHAW et al.

No. 12099.

Court of Civil Appeals of Texas. Dallas.

April 10, 1937.

Rehearing Denied May 15, 1937.

Tom C. Clark, Paul D. Lindsey, and C. J. Shaeffer, all of Dallas, for appellant.

Allen Melton and Ernest McCormack, both of Dallas, for appellees.

BOND, Justice.

This is a garnishment suit filed by appellant in a county court of Dallas county against the account of D. A. Bradshaw, with the Oak Cliff Bank & Trust Company. The garnishment was issued on a judgment previously rendered in favor of appellant and against D. A. Bradshaw for the sum of $250, and writ of garnishment was duly served on the garnishee, Oak Cliff Bank & Trust Company. The garnishee made no answer and the regularity of the proceedings are not questioned.

On hearing before the court, judgment was entered in favor of appellees, discharging the garnishee and releasing the impounded funds.

This appeal is presented on the findings of the trial court that $128.14 impounded by the garnishment was deposited to the account of D. A. Bradshaw, constable, with the Oak Cliff Bank & Trust Company, as "Fees of office, earned and belonging to D. A. Bradshaw, Constable of Precinct No. 7, Dallas County, Texas, and paid to him by various courts and other agencies as his official fees for services rendered in his official capacity to the amount of $128.14, and deposited by Bradshaw, * * * in said bank to credit of D. A. Bradshaw, Constable, said fees belonging to D. A. Bradshaw and subject to his use, either for personal or official expenses."

The sole question to be determined is, whether the $128.14 thus deposited is exempt to appellee Bradshaw as fees of office. The trial court held on that premise, that the funds were not subject to garnishment, and rendered judgment accordingly.

Fees of office, like current wages of employees and kindred statutory reservations, are exempt from garnishment, so long as such compensations remain such fees or wages; but, where the status of such fees or wages have been changed and cease to be "fees of office" or "current wages," and attain character of personal estate of the owner, then, they are no longer exempt under the statute and public policy. After fees of office or current wages have been earned and collected and deposited in bank, and are under the control of the owner, such fees and wages are no longer fees of office or current wages.

Our courts have definitely held that fees of office, unearned and uncollected, are not assignable or subject to liens, basing such holding upon the broad ground that it is contrary to public policy to assign or give a lien upon unearned compensation, whether such compensation be salary or fees. In the case of National Bank of El Paso v. E. M. Fink et al., 86 Tex. 303, 24 S.W. 256, 257, 40 Am.St.Rep. 833, Judge Brown, speaking for our Supreme Court, and quoting with approval from many authorities outside of this jurisdiction, that assignments of unearned fees and the assignment of unearned salary to be invalid, as being against public policy, said: "If such officer is permitted to assign his salary or fees before earned, he may thus deprive himself and family of this support, and to secure it he must look to some other source, thereby depriving the state of the careful and thoughtful attention that the public interest demands."

Also, it has been held in Sanger et al. v. City of Waco, 15 Tex.Civ.App. 424, 40 S.W. 549 (writ of error refused), that earned fees of office and uncollected are not subject to garnishment.

Under these authorities, unmistakably, it is the settled law in this state that fees of office, unearned and uncollected and which have never come into the personal possession of the owner, are exempt from assignments and liens. But, we know of no authority sanctioned by our Supreme Court that holds salary and fees of office, which have been earned, collected, and deposited in a bank under the control of the

owner, subject to be dissipated or used by him for the support of himself and family, are exempt under the statute, or that the assignment of or lien given upon such funds is against public policy. We are of the opinion that, when the salary and fees of public officials have been earned, collected, and deposited in bank, the exempt character of the compensation has changed from that of public nature to personal estate in which the public is no longer concerned. The public interest is not subserved by the funds having been paid as compensation of office, when deposited in the bank to the credit of the official. Immediately on the compensation coming into the personal possession of the owner, it ceases to be public funds. The moment it is paid and deposited, the compensation becomes his personal estate, free from public character, and subject to disposition as any other fund. Its immunity is released; the relationship of debtor and creditor exists between the bank and the depositor.

In the case of Sutherland v. Young, 292 S.W. 581, 583, plaintiff sought, by garnishment proceedings, to subject the salary of a county auditor, which he had earned, collected, and deposited in a bank to the payment of a debt owing, the Waco Court of Civil Appeals held, that the salary ceased to be exempt from garnishment immediately on being paid and received and deposited in bank by the owner, and concluded the decision by saying, "Appellant, having taken his wages and voluntarily placed them in the bank, and, thereby created the relation of debtor and creditor between himself and the bank, caused the funds to be subject to garnishment, the same as if he had invested the same in property that was not exempt to him under the statutes." We are in accord with the Waco Court of Civil Appeals and the authorities therein cited.

We recognize that the holding herein is in conflict with the holding of the Fort Worth Court of Civil Appeals in a companion case, Smith v. Oak Cliff Bank & Trust Co. et al., 99 S.W.(2d) 1103. The Fort Worth Court based it decision on the case of National Bank of El Paso v. Fink, supra, and the case of Sanger et al. v. City of Waco, supra. The distinguishing features in those cases with the one at bar, are: In the National Bank-Fink Case, the fees of office had not been earned and, of course, not collected; and in the Sanger-Waco Case, the fees of office had been earned, but not collected. In each of these cases, the compensation had not reached the status of personal estate of the owner. They were uncollected fees of office, the public had an interest in the compensation as a furtherance of public service; while, in the case at bar, the fees of office had been earned, collected, and deposited in the bank, thus, had changed its public character to that of personal estate. The distinction is apparent. Personal estates of public officials are not exempt to them, and, when compensation paid for public service reaches that state, the public is no longer interested in its application; it is immaterial whether the compensation be denominated as salary or fees of office.

From what has been said, we think the trial court erred in its judgment: Judgment should have been rendered in favor of appellant against the garnishee, Oak Cliff Bank & Trust Company, for the sum of $128.14, with 6 per cent. interest from date of judgment until paid, and said amount credited on the judgment of appellant against appellee, D. A. Bradshaw; accordingly, the judgment of the lower court is reversed and judgment here rendered, in favor of appellant. All costs taxed against appellees.

Reversed and rendered.

### On Motion for Rehearing.

Since the original opinion, the garnishee, Oak Cliff Bank & Trust Company, has caused the record to this court to be amended, showing its answer to the writ of garnishment served upon it and a replevin bond tendered by the defendant, D. A. Bradshaw, as principal, and M. L. Miller and D. M. Morton, as sureties, which was approved and filed by the clerk of the court below.

By the terms of the statute, the defendant, D. A. Bradshaw, was authorized to replevy the funds garnished, by giving a bond with two or more good and sufficient sureties, to be approved by the officers who issued the writ of garnishment. On the approval and filing of the bond, such bond takes the place of the fund garnished. From that time, plaintiff's cause of action is directed against the bondsmen. The funds, as stated in the original opinion, are subject to the garnishment, thus the judgment must go against the bondsmen and execution issued against them. The judgment of this court was against the garnishee. Therefore, in the view we

take in the case, our conclusion is that the judgment in favor of appellant against the garnishee, Oak Cliff Bank & Trust Company, should be set aside; the judgment rendered should be against D. A. Bradshaw, as principal, and M. L. Miller and D. M. Morton, jointly and severally, as sureties, for the sum stated in the original opinion, and when collected should be credited to the judgment, as therein stated. Accordingly, our judgment is reformed; appellees' motion for rehearing is overruled.

Motion overruled.