

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*See change in*
*Art 4350*
*amended 1977*

*0-1089*

Honorable A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. 0-1089
Re: Right of the County Auditor
to hold up claims of citizens against the county because said citizens owe delinquent taxes.

Your letter in which you request an opinion of this department concerning claims of delinquent taxpayers against your county reads as follows:

"On August 28, 1939, I wrote Attorney General McGraw for an opinion on the legality of holding up right of way claims due citizens who owe the county delinquent taxes, a copy of the said opinion is herewith attached. I would like, if you will, have you review this situation and advise me your findings in this matter.

"In addition to the above question, will you advise just how far I can go in holding up salaries and other claims against Montgomery County by people delinquent in taxes.

"For instance, if we hire an attorney and agree to pay him for his services, and he owed delinquent taxes, do I have the authority to hold up his claim."

We have diligently searched the authorities in this State and can find no case or statute that would spe-



Honorable A. E. Hickerson, Page 2

cifically confer the authority to you to do what you seek to do in reference to holding up claims against the county of persons owing delinquent taxes. If the County Auditor is to be given such a right, and such a power, it must be conferred on him only by implication.

In answering your question, we would like to call your attention to a portion of the opinion of Assistant Attorney General H. L. Williford, dated October 29, 1938, which you forwarded to this office along with your letter.

"It is the law of this State that a taxpayer is not personally liable for taxes which accrue against real property before he purchased it or acquired the title thereto. It is also the law that a man is not personally liable for taxes which accrue against real property after he has sold the same even though he thereafter re-acquires such property, but in any event real property is liable for the taxes levied and assessed against it, irrespective of the personal liability of the owner. You can perceive from what I have stated that not every owner of real property is personally liable for all the taxes which might be due against it. He is only personally liable where he owns such property on January 1st of the tax year, and a valid levy and assessment was made against him. Even in such a case, I doubt the wisdom of adopting the policy of withholding payments for right of way where a person owns delinquent taxes, cause until a tax claim is officially established by an adjudication in a court of competent jurisdiction, it might be said to be doubtful and oft times on account of the omission of some statutory requisite or procedure tax claims are defeated."

Mr. Williford calls your attention to the fact that a tax debt is different from an ordinary debt. Because of this distinction, the courts of this State have held that in a suit for taxes a claim against the county may not be set off by a taxpayer. The court discusses this problem in the case of Dallas Joint Stock Land Bank of Dallas vs. Ellis County Levy Improvement District No.

Honorable A. E. Hickerson, Page 3

3, 55 S. W. (2d) 227:

>"The general rule of law is that
>a claim against the state or munici-
>pality cannot be set off against a tax
>demand. Cooley on Taxation (2d Ed.)
>17. A tax is not a debt in the usual
>and ordinary sense of the word. City
>of New Orleans v. Davidson, 30 La.Ann.
>541, 31 Am. Rep. 228; Cooley on Taxa-
>tion (2d Ed.) 15."

In holding up money which the county owes to an
individual, who is a delinquent taxpayer, a county Auditor
would be, in effect, acting as judge and jury over said tax-
payers liability for the tax. Nowhere has the Legislature
specifically granted to a County Auditor this power, and we
are of the opinion that such authority does not rest in him.

The method of collection of delinquent taxes is
set out in Chapter 10 of Title 122, Revised Civil Statutes.
The statutes contained in this Chapter prescribe certain
notices to be given to delinquent taxpayers, and certain
methods of procedure in the collection of delinquent taxes.
These statutes are legnthy and in detail, and, in the opin-
ion of this department, must be complied with in the col-
lection of delinquent taxes. The suggested method of col-
lection of the delinquent tax in your letter would not be
in line with the procedure set out in said Chapter.

In your letter you refer specifically to holding
up salaries of people employed by the county. An analogous
situation was discussed in the case of Denman vs. Coffee,
91 S. W. 801. In this case Denman was Sheriff of Brown
County, and some of his fees of office were held up because
of a debt which he owed to the County. The court held that
this could not be done, and stated as follows:

>"These accounts were for fees of of-
>fice due Denman as the sheriff of Brown
>County, and could not be legally appropri-
>ated by the commissioners' court to the
>payment of an indebtedness of Denman to
>the county, even if the orders upon which
>that indebtedness was based could be as-
>sailed in a collateral proceeding. Sanger
>Bros. v. City of Waco, 15 Tex. Civ. App.
>424, 40 S. W. 549; Bank v. Fink, 86 Tex.
>306, 24 S. W. 256, 40 Am. St. Rep. 833."

Honorable A. E. Hickerson, Page 4

In the case of Sanger Bros. vs. City of Waco, 40 S.W. 549, which was cited in the Denman case, an attempt was made to garnish money which the county owed one of its officers. The court held that this could not be done, that it was against public policy. The court stated that the reasoning in that case was analogous to the reasoning used by the Supreme Court in the case of Bank vs. Fink, 86 Tex. 306, in which the court stated as follows:

"'Dignity of office,' in the sense that the term is used in the English cases, does not exist in this country; and yet there is a dignity, or at least should be, attending every office, in that sense that a proper and independent discharge of its duties inspires respect for the officer and for the office. In this more important sense of dignity, the same reason can be well applied in this country. The law provides compensation for official service in order to enable the officer to be free from the cares of making provision for his own support and that of his family during the term of office, that he may devote his whole time to the discharge of the duties of his office. If such officer is permitted to assign his salary or fees before earned, he may thus deprive himself and family of this support, and, to secure it, he must look to some other source, thereby depriving the state of the careful and thoughtful attention that the public interest demands. A hungry man is weak in the presence of temptation, no matter what may be his ability to withstand it in a state of independence. To deprive such an officer of the means of daily support for himself and family, while his time must be given to work in which he can expect no relief, would be a strong inducement to resort to methods which, if not dishonest, would at least be inconsistent with the public good, and the dignity of his office be destroyed by losing the respect and confidence of the public."

From the above authority, it is unquestionably the law that the County Auditor would not have the authority to hold up salaries or fees owing to its county officers because said officers owed delinquent taxes. By way of analogy the reasoning used by the courts in discussing that type of situation would also apply to all salaries paid by the county to any of its employees. The public policy involved is that of keeping the service rendered to a county by its employees on a high level by not having them put in fear of having their salary subject to garnishment.

In your letter you also inquire specifically as to the holding up of money due an attorney for services rendered in connection with the collection of delinquent taxes, because said attorney owes delinquent taxes himself. In the case of Hume vs. Zuehl, 119 S.W. (2d) 905, the court held that a contract with an attorney for the collection of delinquent taxes was a contract for personal services. You, therefore, are advised that the same reasoning will apply to him as to other employees of the county.

It is the opinion of this department, therefore, that the County Auditor is unauthorized to hold up money which the county owes because the party to whom the county is indebted happens to owe delinquent taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_
Billy Goldberg
Assistant

BG:FG          APPROVED NOV 10, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE BY BWB CHAIRMAN