**John W. ARNDT, Appellant,**

v.

**NATIONAL SUPPLY COMPANY, et al., Appellee.**

**No. A14–82–184CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 28, 1983.

Daniel R. Rutherford, San Antonio, for appellant.

Michael A. Pullara, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

Before ROBERTSON, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, John W. Arndt, appeals from a Judgment of Contempt and Order of Com-mitment, Order Reducing Sanctions to Judgment, and Order Appointing Receiver. He also purports to appeal from an Order Fixing Amount of Bond of Applicant for Appointment of a Receiver and from an Ancillary Injunction; however, appellant has raised no points of error complaining of these orders. All of the above orders were entered against appellant following efforts by the appellee to take appellant's post-judgment deposition and acquire a list of assets by subpoena duces tecum. In his brief, appellant sets out fourteen points of error for review. Most of the points are too general and vague to comply with Tex.R. Civ.P. 418, but we will consider them as we perceive them to be.

In points of error one through four and point of error nine, appellant as-serts that the trial court erred in holding him in contempt of court pursuant to Tex. R.Civ.P. 215a(c). Even though our briefing rules are to be liberally construed and "sub-stantial compliance ... will suffice in the interest of justice," Tex.R.Civ.P. 422, we are unable to consider these points. Rule 418(e) specifies that the requisite to main-tain a point of error is a fair, condensed statement of the facts pertinent to the point with references to the pages in the record where those facts may be found, and a discussion of the facts with applicable authority. *Gowan v. Reimers,* 220 S.W.2d 331 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n.r.e.); *Hale v. Ramsey,* 524 S.W.2d 436 (Tex.Civ.App.—Austin 1975, no writ). Appellant has failed to provide this infor-mation; therefore, nothing is presented for review. It has long been the law of Texas that points not properly briefed are waived. *Arrechea v. Arrechea,* 609 S.W.2d 852 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

In points of error five through eight, appellant contends the trial court abused its discretion by imposing sanctions for his fail-ure to submit to post-judgment discovery. Once again, appellant fails to refer to any page in the record to support his argument as required by Rule 418(e). Where there has been no compliance with Rule 418(e),

we have no duty to make an independent search of the record to determine if a point has merit. *Saldana v. Garcia,* 155 Tex. 242, 285 S.W.2d 197 (Tex.1955); *McInnis v. State,* 618 S.W.2d 389 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.).

In points of error ten through fourteen, appellant apparently contends the trial court erred in appointing a receiver over appellant's property because there is no evidence that the requisites of Tex.Rev.Civ. Stat.Ann. art 3827a (Vernon Supp. 1982–1983) have been met.

Again, appellant has failed to provide us with any record reference in his brief to an order appointing a receiver. He has attached as an appendix what is apparently a portion of the testimony by appellee's attorney which took place during the Court's hearing regarding the matters at issue. Appellant provides no other reference to the record. By omitting these matters, appellant has not complied with Rule 418. Appellant has waived his points of error. *In the Matter of DRD,* 537 S.W.2d 133 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Arrechea v. Arrechea, supra.*

■ Nevertheless, if points ten through fourteen had been properly maintained, they would have to be overruled. On reviewing the record, we find there was evidence to support the trial court's appointment of a receiver pursuant to Art. 3827a.

Art. 3827a reads, in pertinent part as follows:

(a) A judgment creditor whose judgment debtor is the owner of property, including present or future rights to property, *which cannot readily be attached or levied on by ordinary legal process* and is not exempt from attachment, execution, and every type of seizure for the satisfaction of liabilities, is entitled to aid from a court of appropriate jurisdiction by injunction or otherwise in reaching the property to satisfy the judgment. (Emphasis added.)

(b) The court may order the property of the judgment debtor referred to in Subsection (a) of this section, together with all documents or records related to the property, that is in or subject to the possession or control of the judgment debtor to be turned over to any designated sheriff or constable for execution or otherwise applied toward the satisfaction of the judgment. The court may enforce the order by proceedings for contempt or otherwise in case of refusal or disobedience.

(c) The court may appoint a receiver of the property of the judgment debtor referred to in Subsection (a) of this section, with the power and authority to take possession of and sell the nonexempt property and to pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

. . . .

Appellee testified that appellant's 1976 financial statement established that he owned a sizable amount of property on which it would be difficult to levy execution, including shares of stock and accounts receivable. In addition, appellee stated that he had twice subpoenaed appellant to appear for a Rule 621 deposition in order to locate his assets, and appellant had disregarded the notices, in spite of the court's imposition of sanctions for his non-appearances. Appellee filed an abstract of judgment in Webb County where appellant resides and obtained two writs of execution, both of which were unsatisfied. Appellant provided no testimony to contradict these assertions.

Viewing the record in the light most favorable to the judgment, we find there was evidence to support the trial court's appointment of a receiver in accordance with Article 3827a.

The judgment is affirmed.