**Frank SALEM, Appellant,**

v.

**AMERICAN BANK OF COMMERCE, Appellee.**

No. 08–86–00012–CV.

Court of Appeals of Texas, El Paso.

Aug. 13, 1986.

John Whitaker, El Paso, for appellant.

Temple B. Ingram, Jr., Crowson & Ingram, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

Appellant appeals from an order of the trial court which appointed a receiver and ordered Appellant to turn over to the receiver each payday the payment received from his employer to satisfy a money judgment Appellee had previously obtained against the Appellant. We affirm.

By two points of error, the Appellant claims the trial court erred in holding that wages upon receipt by the Appellant were not exempt and further that the trial court erred in ordering Appellant to deliver his paycheck, upon receipt, to the court appointed receiver. Appellant claims that wages received are exempt as current wages under Tex.Const. art. XVI, sec. 28, and under Tex.Prop.Code Ann. sec. 42.001 and 42.002(8), until deposited to a bank account or otherwise changed. The sole question to be decided by this Court is whether or not wages are "current" wages even after receipt by the wage earner. If not, then they are not exempt from attachment, execution or seizure for the satisfaction of liabilities under the "turnover" statute. Tex.Civ.Prac. & Rem.Code Ann. sec. 31.002 (Vernon 1986), formerly Article 3827a, Tex.Rev.Civ.Stat.Ann.

The answer has long been resolved against the Appellant. When wages are paid to and received by the wage earner, they cease to be current wages and the exemption statute does not apply. *Sutherland v. Young*, 292 S.W. 581 (Tex.Civ.App.—Waco 1927, no writ); *Lee v. Emerson-Brantingham Implement Co.*, 222 S.W. 283 (Tex.Civ.App.—Dallas 1920, no writ). In Lee, the court specifically held that it

was, in their opinion, the purpose of the constitutional provision to exempt the wage until it was due and was in possession of the wage earner. Appellant's Points of Error Nos. One and Two are overruled.

The judgment of the trial court is affirmed.