**Philip E. DAVIS, Appellant,**

v.

**Burta Rhoads RABORN, Appellee.**

**No. 01–87–00193–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 14, 1988.

Rehearing Denied Aug. 11, 1988.

Greg Goodrum, Dickens & Goodrum, Houston, for appellant.

Patricia Wicoff, Houston, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a turnover order entered by the trial court to satisfy a money judgment previously rendered against appellant and in favor of appellee. Under the order, appellant is required to endorse and turn over to a court-appointed receiver "all cash, checks, or other negotiable instruments," which represent income, including "all salary checks," received from his employer. Appellant is also required to continue to deliver such cash, checks, or other negotiable instruments as they are received.

The turnover order was issued pursuant to the Texas Turnover Statute ["turnover statute"], Tex.Civ.Prac. & Rem.Code Ann. sec. 31.002 (Vernon 1986), which provides as follows:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

(1) cannot readily be attached or levied on by ordinary legal process; and

(2) *is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.* (Emphasis added.)

(b) The court may:

(1) *order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control,* together with all documents or records related to the property, to a designated sheriff or constable for execution; (Emphasis added.)

(2) otherwise apply the property to the satisfaction of the judgment; or

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(c) The court may enforce the order by contempt proceedings or by other appropriate means in the event of refusal or disobedience.

(d) The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding.

(e) The judgment creditor is entitled to recover reasonable costs, including attorney's fees.

■ In point of error two, appellant asserts that his salary checks are "current wages," and to order that they be turned over to a receiver is tantamount to garnishment of current wages, which is unconstitutional. Tex. Const. art. XVI, sec. 28, provides that "no current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered child support payments." *See also* Tex.Civ.Prac. & Rem.Code Ann. sec. 63.004 (Vernon 1986). "Current wages" are defined as "such compensation for personal services as are to be paid periodically, or from time to time, as the services are rendered." *Dempsey v. McKennell,* 2 Tex.Civ.App. 284, 23 S.W. 525 (1893).

■ Wages remain "current" and exempt until paid to and received by the wage earner. *Sutherland v. Young,* 292 S.W. 581 (Tex.Civ.App.—Waco 1927, no writ); *Lee v. Emerson–Brantingham Implement Co.,* 222 S.W. 283 (Tex.Civ.App.—Dallas 1920, no writ); *Smith v. Bradshaw,* 105 S.W.2d 340 (Tex.Civ.App.—Dallas), *aff'd,* 130 Tex. 180, 108 S.W.2d 200 (1937). We therefore reject appellant's argument that his paychecks remain "current wages" until deposited and honored by his employer's bank. The case law is clear that wages lose their current status when the wage earner is paid by his employer. *Id.*

The pivotal issue on appeal, however, is whether a trial court can order a judgment debtor to turn over presently exempt wages that are to be received in the future. The trial court fashioned its order, covering appellant's possible future wages, at a time when the wages had not been paid to and received by appellant and were therefore *exempt.*

■ We hold that a trial court, as a matter of law, only has the authority under the turnover statute to order a judgment debtor to turn over checks, evidencing wages, when such checks are collected and in the possession or in the control of the debtor. Under the turnover statute, a trial court is not empowered to order a judgment debtor to turn over exempt property. Thus, a trial court can order wages turned over to a receiver only *after* the wages are paid to and received by the debtor, whether by check or in cash.

We are cognizant that this holding is in direct conflict with opinions from other state courts of appeal. *Barlow v. Lane,* 745 S.W.2d 451 (Tex.App.—Waco 1988, writ denied); *Salem v. American Bank of Commerce,* 717 S.W.2d 948 (Tex.App.—El Paso 1986, no writ). We conclude, however, that a trial court cannot be allowed to thwart the mandates of our statutes and constitutional guarantees by ordering a debtor to turn over property that is statutorily exempt. The purpose of current wages being exempt from garnishment and execution is to protect the employee in meeting and defraying the current expenses of living. *Bell v. Indian Live–Stock Co.,* 11 S.W. 344, 346 (Tex.1889); *Sloan v. Douglass,* 713 S.W.2d 436, 440 (Tex.App.—Fort Worth 1986, writ ref'd n.r. e.). The potential consequence of an order allowing a creditor to reach property that is currently exempt will weaken and destroy our constitutional guarantees and render such protection useless.

■ According to Senate and House committee reports, the turnover statute was enacted merely to supplement the traditional creditor's remedies, which were found inadequate to reach certain *non-exempt* property in the possession of the debtor, including: out-of-state property, intangible property, such as contract rights receivable, accounts receivable, commissions receivable, and future rights to payment, and other property that could be easily hidden from a levying officer, such as negotiable instruments, corporate stocks, and corporate securities. *See* Hittner, *Texas Post–Judgment Turnover and*

*Receivership Statutes,* 45 Tex.B.J. 417 (1982). The turnover statute, therefore, is merely a *procedural method* for obtaining certain property that under traditional remedies was beyond a creditor's reach, and it does not grant new substantive rights by carving out an exception to our constitutionally guaranteed exemptions. Judicial restraint should be exercised where the creation or expansion of methods to reach exempt property frustrates legislative and constitutional mandates.

The fact that a court may not order a judgment debtor to turn over wages to be received in the future does not leave the creditor without remedy under the turnover statute. As soon as the wage earner receives his wages, the property acquires a non-exempt status, and the court is then, and *only then,* authorized to fashion a turnover order to assist a creditor in reaching such property.

Appellant's second point of error is sustained.

Having sustained appellant's point of error two, we need not address the other points of error.

The judgment is reversed, and the cause is remanded.

EVANS, Chief Justice, dissenting.

I disagree with the holding of the majority opinion for the reasons stated in *Barlow v. Lane,* 745 S.W.2d 451 (Tex.App.—Waco 1988, writ denied); *Salem v. American Bank of Commerce,* 717 S.W.2d 948 (Tex. App.—El Paso 1986, no writ). As the majority acknowledges, both of these decisions directly contradict the majority's holding in this case. Under the decisions enunciated by those cases, wages cease to be "current" within the meaning of Texas exemption laws, immediately upon being paid to and received by the wage earner. *Barlow,* 745 S.W.2d at 453; *see also Sutherland v. Young,* 292 S.W. 581 (Tex.Civ. App.—Waco 1927, no writ); *Lee v. Emerson–Brantingham Implement Co.,* 222 S.W. 283 (Tex.Civ.App.—Dallas 1920, no writ); *Smith v. Bradshaw,* 105 S.W.2d 340 (Tex.Civ.App.—Dallas), *aff'd,* 130 Tex. 180, 108 S.W.2d 200 (1937). In my opinion, the decisions in *Barlow* and *Salem,* that wages are no longer current when the employee receives a paycheck from the employer, control the disposition of the instant case.

I do not quarrel with the majority's statement that the purpose of current wages being exempt from garnishment and execution is to protect the employee's ability to pay current living expenses. *Barlow,* 745 S.W.2d at 454; *Bell v. Indian Live–Stock Co.,* 11 S.W. 344, 346 (Tex.1889). But I disagree with the majority's conclusion that the court's turnover order will "weaken and destroy our constitutional guarantee and render such protection useless."

As the court stated in *Barlow,* the specific relief to be granted in a turnover order is a matter within the sound discretion of the trial court. *Barlow,* 745 S.W.2d at 453. Thus, the court may appropriately take into consideration the debtor's needs with respect to food, clothing, shelter, and other such necessities. *Id.* at 454. According to the particular circumstance of each case, the court may fashion its order to assure that the debtor-employee will have sufficient funds to meet current living expenses.

In this case, the appellant does not contend that the trial court abused its discretion in granting the relief set forth in the turnover order. The appellant contends only that the turnover order violates specific constitutional and statutory provisions. Therefore, the question of whether the order was appropriate under the circumstances, was not presented to us for review.

I would overrule all three points of error and affirm the trial court's order.