Opinion issued April 22, 2010.

 

 

 

 

 

 

 

 

 

 

 

 

            

 

 

 

 








 



In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-09-01023-CV

____________

 

TRACY SUTTLES AND CYNTHIA SUTTLES, APPELLANTS

 

v.

 

VESTIN REALTY MORTGAGE I, INC., VESTIN REALTY
MORTGAGE II, INC., AND VESTIN FUND, III, LLC, APPELLEES

 

 



On Appeal from the 113th District Court 

Harris County, Texas

Trial Court Cause No. 2009-02857

 

 



* 
*  *

____________

 

NO. 01-10-00071-CV

____________

 

In re TRACY SUTTLES AND CYNTHIA SUTTLES,
RELATORS

 

 



Original Proceedings on Petitions for Writ of
Mandamus

 

 



O P I N I O N

 

          In this appeal and petition for writ
of mandamus,[1] appellants
and relators, Tracy and Cynthia Suttles seek relief from the trial court’s
entry of a turnover order appointing a receiver and master in chancery.  Appellees and real parties in interest,
Vestin Realty Mortgage I, Inc., Vestin Realty Mortgage II, Inc., and Vestin
Fund III, LLC (collectively “Vestin”), sought to enforce a judgment against the
Suttles and two other judgment debtors.[2]  The trial court entered a turnover order appointing
a receiver and master in chancery.  In their
appeal, the Suttles contend the trial court erred by entering the turnover
order appointing a receiver because Vestin presented no evidence of the facts required
by the turnover statute[3]
and the turnover order was sought for a purpose not authorized by the statute.  The Suttles also challenge the appointment of
the receiver on the grounds that the trial court gave the receiver power not
authorized by statute; created a conflict of interest by appointing the same
person as master and receiver; and ordered compensation for the receiver before
any work had been done.  In their petition
for writ of mandamus, the Suttles contend the trial court erred by appointing a
master because the case does not meet the requirements of Texas Rule of Civil
Procedure 171, the master’s powers to redirect and open the Suttles’ mail
violates federal postal law, and the same person is appointed both the master
and receiver.  We conclude that the trial
court abused its discretion because the record contains no evidence showing the
requirements for a turnover order or the appointment of a master exist.  We reverse the trial court’s turnover order
and remand to the trial court.  We
conditionally grant the petition for writ of mandamus concerning the
appointment of the master.


Background

       Vestin obtained a $4,907,012.26 judgment against the
Suttles, Shamrock Tower, L.P., and Pirate’s Lake, Ltd., in a suit in
Nevada.  Vestin domesticated its judgment
in January 2009 and served written post-judgment discovery on the Suttles in
March 2009.  The Suttles failed to
respond to the post-judgment discovery, but Vestin did not file a motion to
compel.  In November 2009, Vestin filed
an application for post-judgment turnover order and appointment of a receiver
and master.  At the hearing, Vestin
presented evidence, providing a list of businesses listing Tracy as a director,
member or officer; records showing NBC Creative Development, LLC, one of
Tracy’s companies, is the owner of record of the Suttles’ residence; a special
warranty deed from Jetall Companies to NBC Creative Developments, LLC; and
records showing the Suttles own 15 properties in Victoria County, Texas.

          On November 16, 2009, the trial court
signed an order appointing Riecke Baumann as receiver and master.  Eight days later, the trial court signed an
ex parte amended turnover appointing Baumann receiver and master.  On three separate occasions in December 2009
and January 2010, the Suttles appeared before Baumann, without objection, to
provide deposition testimony.  The
Suttles petitioned for mandamus relief on February 2, 2010, and seek to vacate
the appointment of a master.  The Suttles
also filed an appeal challenging the turnover order and the appointment of a
receiver.

Turnover Order

          In their appeal, the Suttles raise four
issues asserting the trial court erred when it appointed Baumann as receiver.

          A.      Standard of
Review and Applicable Law

          We review the entry of a
turnover order for an abuse of discretion. 
Tanner v. McCarthy, 274
S.W.3d 311, 320 (Tex. App.—Houston [1 Dist.] 2008, no pet.).  A turnover order is proper if the conditions of the turnover
statute, Texas Civil Practice and Remedies Code section 31.002, are met.  Tex.
Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon 2008); Tanner, 274 S.W.3d at 322.  The trial court “must have some
evidence before it that establishes that the necessary conditions for the
application of 31.002 exist.”  Tanner, 274 S.W.3d at 322.  The conditions that must be met are:

(1)     the entity that is to receive aid must be a
judgment creditor;

 

(2)     the court that would grant aid must be one
of appropriate jurisdiction;

 

(3)     the aid to be given must be in order to
reach property to obtain satisfaction on the judgment; and

 

(4)     the judgment debtor must own property (including
present or future rights to property) that:

 

(a)     cannot be readily attached or levied on by
ordinary legal process and

 

(b)     is not exempt from attachment, execution,
or seizure for the satisfaction of liabilities.

 

Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a); Tanner, 274 S.W.3d at 322.  Under the condition of (4)(a) above, property
that cannot be readily attached or levied on by ordinary legal process includes
property such as shares of stock and accounts receivable.  See
Arndt v. Nat’l Supply Co., 650 S.W.2d
547, 548 (Tex. App.—Houston [14th Dist.] 1983, writ ref’d n.r.e.).  Here, the dispute concerns whether Vestin
presented evidence to support a finding under (4)(a) that the Suttles owned
property that cannot be readily attached or levied on by ordinary legal
process.     

          B.      Lack of
Evidence to Support Turnover Order

          In their first issue, the Suttles
contend the trial court abused its discretion by issuing the turnover order and
appointing a receiver because there is no evidence that the Suttles own any non-exempt
property that cannot be readily attached or levied on by ordinary legal
process.  To support its application for the turnover
order, Vestin introduced evidence that (1) Tracy was a director, member, or
officer of certain businesses, (2) corporations associated with Tracy owned the
Suttles’s residence, and (3) the Suttles own 15 properties in Victoria County,
Texas.

                   1.       Director, Officer, or
Member of Business

          In support of
its application for a turnover order, Vestin introduced a list of businesses
from the Texas Secretary of State’s website listing Tracy as a director, member
or officer.  The fact that Tracy is listed
as a director, officer, or member, however, is no evidence of his ownership of
those businesses.  The Texas Business
Organizations Code states that the right to manage a company is not an
“ownership interest.”  Tex. Bus. Orgs. Code Ann. § 1.002(64)
(Vernon 2006); see also Tex. Bus. Orgs. Code Ann. § 1.002(54)
(stating member’s right to participate in management of limited liability
company is not membership interest). 
Also, the Code specifically provides that being a shareholder is not a
requirement to serve as a director.  Tex. Bus. Orgs. Code Ann. § 21.402
(Vernon 2006) (“Unless the certificate of formation or bylaws of a corporation
provide otherwise, a person is not required to be . . . a shareholder of the
corporation to serve as a director.”).  Similarly,
with respect to a limited liability company, a person may be a member without
acquiring a membership interest.  Tex. Bus. Orgs. Code Ann. § 101.102(c)
(Vernon 2006) (“If one or more persons own a membership interest in a limited
liability company, the company agreement may provide for a person to be
admitted to the company as a member without acquiring a membership interest in
the company.”).

                   2.       Ownership
of Residence Occupied by Suttles

          Vestin also
introduced records from the Harris County Appraisal District showing that one
of Tracy’s companies (NBC Creative Development, LLC) is the owner of record of
the Suttles’ residence.  Vestin also
introduced a special warranty deed conveying the residence from Jetall
Companies to NBC Creative Developments, LLC. 
The fact that the Harris County Appraisal District lists a company as the
owner of the Suttles’ residence is no evidence that the Suttles own shares of
that company.  Similarly, a deed
conveying the property from Jetall Companies to NBC Creative Developments, LLC
is no evidence that the Suttles own shares in either company.   

                   3.       The
Properties in Victoria County, Texas         

          Vestin also introduced Victoria County
Appraisal District real property account information listing numerous
properties in one or both of the Suttles’ names.  However, to meet the requirement of the
turnover statute, the property must be a type of property that “cannot
be readily attached or levied on by ordinary legal process.”  Although the turnover statute does not state the types of
property that “cannot be readily attached or levied on by ordinary legal
process,” the
legislative history and cases indicates that the statute was created to reach
types of property other than the real property in this case.  Committee reports from the Texas House and
Senate state the statute was enacted to provide judgment creditors with a
remedy to reach a judgment debtor’s non-exempt property in cases where
traditional methods had proved to be inadequate, including situations where the
debtor has property outside the state of Texas; where the debtor owns interests
in intangible property, such as contract rights receivable, accounts
receivable, commissions receivable, and future rights to payments; and where
the debtor owns interests in other property that could be easily hidden from a
levying officer, such as negotiable instruments, corporate stocks, and
corporate securities.  See Davis v. Raborn, 754 S.W.2d 481, 483 (Tex.
App.—Houston [1st Dist.] 1988), vacated
upon settlement, 795 S.W.2d 716 (Tex. 1990) (citing David Hittner, Texas
Post-Judgment Turnover and Receivership Statutes, 45 Tex. B.J.
417, 417–18 (1982)).  Real
property within Texas may be levied on by ordinary legal process.  See Tex. R. Civ. P. 621, 629, 630, 637, and 639 (providing for
levy of execution to satisfy money judgments, which includes “any sheriff or
any constable within the State of Texas” levying on real property owned by
judgment debtor).  Additionally, real
property in Texas may be attached.  See Tex. R. Civ. P. 593 (writ of attachment
“shall be directed to the sheriff or any constable within the State of Texas”
and “shall command him to attach and hold . . . the property of the
defendant . . . as shall be found within his county”); see also Pillitteri v. Brown, 165 S.W.3d 715, 722 (Tex. App.—Dallas
2004, no pet.) (noting real property outside of Texas is subject to turnover
order because “ordinary legal process by which property is attached or levied
upon” is writ and writ directs “a sheriff or constable in the State of Texas .
. . to attach and hold the defendant’s property as shall be found within his
county”).  Because the Victoria County
property is real property located within Texas, it may be readily
attached or levied on by ordinary legal process.  See
Tex.
R. Civ. P. 593,
639; see also Pillitteri, 165 S.W.3d
at 722.  Thus, the requirements of the
turnover statute are not met.  See
Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (a)(1) (providing
turnover order available if judgment debtor owns property that “cannot be attached
or levied on by ordinary legal process”). 

          With respect to the Victoria County
property, Vestin repeatedly refers to it as “rental property,” presumably in an
effort to characterize the rental income as “accounts receivable”—a type of
property to which the turnover statue applies. 
See Davis, 754 S.W.2d at 483; Arndt, 650 S.W.2d at 548. 
However, the only evidence introduced is the list stating the Suttles
are the owners; the record contains no evidence that the properties are rental
properties or that the Suttles have a right to rental income from these
properties.  

          In this case, the trial court was not
presented with any evidence to satisfy the requirements of the turnover statute
that the Suttles own non-exempt property that cannot be readily attached
or levied on by ordinary legal process. 
Therefore, we hold that, based on the evidence presented, the trial
court erred by issuing the turnover order. 
Tanner, 274 S.W.3d at 321.  We sustain the Suttles first issue.  Because we reverse the trial court on this
issue, we do not address the Suttles’ remaining issues presenting alternate ground to reverse
the trial court.  See Control Solutions, Inc.
v. Gharda Chems. Ltd., 245 S.W.3d 550, 563 n.4 (Tex. App.—Houston [1st
Dist.] 2007, no pet.) (citing Tex. R.
App. P. 47.1).

Appointment of Master

          In
their petition for writ of mandamus, the Suttles seek relief from the trial
court’s order appointing Baumann as master.

          A.      Waiver

          As a threshold issue, Vestin contends that the Suttles
have waived any objections to the appointment of a master because they failed
to object to Baumann’s appointment before taking part in proceedings before Baumann.  Specifically, Vestin points to the three
occasions the Suttles appeared before him to offer deposition testimony.  The Suttles respond that they did not waive
their objections to the appointment of a master because (1) they objected to
the appointment of a master at the November 16, 2009 hearing, well before the
three depositions, and (2) the depositions were conducted by Baumann in his
capacity as receiver rather than as master.

          “[A] party objecting to a master’s
appointment must make an objection not within some arbitrary time period, but before
it has taken part in proceedings before the master or before the parties, the
master, and the court have acted in reliance on the master’s appointment.”  Owens-Corning
Fiberglas Corp. v. Caldwell, 830 S.W.2d 622, 625 (Tex. App.—Houston [1st
Dist.] 1991, orig. proceeding).  Here,
the Suttles objected to the appointment of a master at the November 16, 2009
hearing.  Furthermore, because Baumann is
the master and receiver, the Suttles’ cooperation with Baumann in his role as
receiver cannot waive their objection to Baumann’s role as master.  Accordingly, the Suttles did not waive their
right to object to Baumann’s appointment. 
See id.

          B.      Standard of
Review and Texas Rule of Civil Procedure 171

          When a trial court
improperly appoints a master in chancery, mandamus is the proper remedy.  Id.
at 324.  Mandamus issues to
correct a “clear abuse of discretion” when there is no adequate remedy by
appeal.  Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). 
Clear abuse of discretion occurs when a trial court “reaches a decision
so arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.”  Id. (citing Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding)).  The reviewing court may
not substitute its judgment for that of the trial court when reviewing factual
issues.  Id. at 839–40.  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court’s decision
unless the decision is shown to be arbitrary and unreasonable.  Id. at 840.  A trial court does not abuse its
discretion so long as there is some evidence of a substantive and probative
character to support its decision.  Tanner, 274 S.W.3d at 321.

          The appointment of a master in
chancery, unless authorized by statute or consented to by the parties, must
comply with Texas Rule of Civil Procedure 171. 
Simpson v. Canales, 806 S.W.2d
802, 810 (Tex. 1991).  Rule 171 provides,
in relevant part: “The court may, in exceptional cases, for good cause appoint
a master in chancery . . . .”  Tex. R. Civ. P. 171.  “The appointment of a master lies within the
sound discretion of the trial court and should not be reversed except for a
clear abuse of that discretion.”  Simpson
v. Canales, 806 S.W.2d 802, 811 (Tex. 1991).  “The ‘exceptional cases/good cause’ criterion
of Rule 171 is not susceptible of precise definition.”  Id. 
Although the trial court may consider the complexity of the case,
the rule’s standards “cannot be met merely by showing that a case is complicated
or time-consuming.”  Id.

          In deciding the “exceptional case/good
cause” requirement was not met in Simpson,
the supreme court noted that the underlying case was a toxic tort case
involving one plaintiff and 18 defendants; in the first 10 months that the case
was pending, eight discovery motions were filed; the supreme court noted that
none of the motions were “especially complex”; and the trial court did not hear
the merits of any pending discovery dispute before appointing the master.  Simpson,
806 S.W.2d at 811.  In following Simpson, this Court found a case with
five defendants, in which one set of requests for admissions, one set of
interrogatories to all defendants, and seven sets of requests for production
were served, and two motions to compel were submitted to the master, was not
exceptional and the appointment of a master was an abuse of discretion.  Owens-Corning
Fiberglas Corp., 830 S.W.2d at 626–27. 


          Here, in the turnover order appointing
the master, the trial court stated this case was exceptional “due to its
complexity and the intensity needed to enforce the judgment.”  This recital is similar to the recital found
wanting in Simpson.  In that case, the trial court stated good
cause existed to appoint a master “[b]ecause of the complex nature of the case
and the numerous pre-trial issues to be disposed of.”  Simpson,
806 S.W.2d 811.  In addition, the facts
of this case bring it within the application of Simpson.  This case involves
four judgment debtors.  Vestin served two
requests for production, one each to Mr. Suttles and Mrs. Suttles.  The Suttles did not respond.  Vestin did not file a motion to compel and,
consequently, the trial court did not hold a hearing on the motion to compel.  Finally, unlike Simpson, a toxic tort case involving 18 defendants, this case is
limited to post-judgment enforcement actions involving four defendants, two of
whom are husband and wife.  This case
falls far short of the complexity of Simpson
and Owens-Corning, cases that the Texas
supreme court and this Court found were not exceptional, concluding the trial
court in each case abused its discretion in appointing a master.

          Vestin asserts this case is
exceptional because the Suttles are “officers, directors or members of at least
twenty-five Texas businesses, own approximately fifteen non-exempt rental
properties in Victoria county and resided in a home for which the owner of
record is NBC Creative Development, LLC (one of [the Suttles’] companies).”  As noted above, the fact that the Suttles are
officers, directors, or members of business entities is no evidence that the
Suttles own an interest in those entities. 
Also, the fact that the Suttles own property is not evidence that the
property is “rental property.”  These
purported complexities of this case find no evidentiary support in the record.  See Tanner, 274 S.W.3d at 324 (trial court
abuses its discretion if no evidence supports decision)

          Vestin also attempts to distinguish
this case from Simpson and Owens-Corning based on the scope of the
orders involved.  In those cases the
master was appointed to hear all discovery disputes.  Simpson,
806 S.W.2d at 811; Owens-Corning
Fiberglas Corp., 830 S.W.2d at 626. 
The supreme court and this Court found this type of “blanket order” inappropriate
because there was no showing that “the future conduct of discovery will justify
supervision by a master rather than the court.” 
Simpson, 806 S.W.2d at 811; see also Owens-Corning Fiberglas Corp., 830 S.W.2d at 627 (noting that
blanket order referring discovery to master inappropriate in case less complex
than Simpson).  Here, Vestin asserts the master was not
appointed “to hear all pretrial
discovery matters.”  However, the master
was given powers much broader than a master appointed for pre-trial discovery
only.  Here, among other things, the
master was granted the following powers:

Ordering the turnover before him of assets,
evidence and documents upon all matters he feels pertain to compliance with
this order . . .;

 

Scheduling hearings and meetings and
directing parties and witnesses to give testimony at such hearings and meetings
and to rule upon the admissibility of evidence at such hearings; [and]

 

Placing witnesses under oath and examining
them himself, or through his agents[.]

 

The
trial court’s order also provides, “An order from the Master, made pursuant to
this order, is a Court Order.”  Thus, the
order here is much broader than an order referring all pre-trial discovery
matters to a master.  See Simpson, 806 S.W.2d at 811; Owens-Corning Fiberglas Corp., 830
S.W.2d at 626.

          For the foregoing reasons, we conclude
this case does not meet the “exceptional case/good cause” requirement of Rule
171 and the trial court abused its discretion in appointing a master.  See
Simpson, 806 S.W.2d at 811.  Furthermore, the master was appointed as part of the turnover order, in order to
assist the trial court and “conserve the resources of the [trial court] in
routine post judgment matters” in enforcing the judgment against the
Suttles.  We have already held the trial
court abused its discretion in issuing the turnover order; this is an
additional reason that portion of the turnover order appointing a master
constitutes an abuse of discretion.  We
do not address the other issues in the Suttles’ petition for writ of mandamus
contending the trial court erred by granting the master the power to open the
Suttles’ mail and by appointing the same person as receiver and master.




 

Conclusion

          We reverse the order of the trial
court and remand this cause.  We
conditionally grant the Suttles’ petition for writ of mandamus and direct the
trial court to vacate its order appointing a master.  We are confident the trial court will promptly
comply, and our writ will issue only if it does not.

 

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel consists of Chief Justice Radack, and Justices Alcala, and
Higley.











[1]
          The appeal is cause number
01-09-01023-CV.  The petition for writ of
mandamus is cause number 01-10-0071-CV. 
The underlying case is Vestin Realty Mortgage I, Inc., Vestin Realty
Mortgage II, Inc., and Vestin Fund, III, LLC v. Tracy Suttles, Cynthia Suttles,
Shamrock Tower, LP, and Pirates Lake, LTD., cause number 2009-02857, in the
113th Judicial District Court of Harris County, Texas, the Honorable Patricia
Hancock, presiding.   

 





[2]
          Shamrock Tower, LP and Pirates
Lake, LTD were named as defendants in the underlying cause and the trial
court’s order but have not appealed.

 





[3]
          See Tex. Civ. Prac. &
Rem. Code Ann. § 31.002 (Vernon 2008).